UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| AUSTIN AIR SYSTEMS, LIMITED,<br><br>                            Plaintiff,<br>        v.<br><br>SAGER ELECTRICAL SUPPLY COMPANY, INC.,<br>  also known as Sager Electronics,<br>  and ebm-papst Inc.,<br><br>                            Defendants. | DECISION<br>and<br>ORDER<br><br>19-CV-562JLS(F) |

_____

SAGER ELECTRICAL SUPPLY COMPANY, INC.,
 also known as Sager Electronic,

                     Counter Claimant,
       v.

AUSTIN AIR SYSTEMS, LIMITED,

                     Counter Defendant.
_____

APPEARANCES:        GROSS SHUMAN P.C.
                               Attorneys for Plaintiff and Counter Defendant
                               HUGH C. CARLIN and
                               KEVIN R. LELONEK, of Counsel
                               465 Main Street
                               Suite 600
                               Buffalo, New York  14203

                               PHILLIPS LYTLE LLP
                               Attorneys for Defendant Sager Electronics
                               ERIN C. BOREK and
                               WILLIAM D. CHRIST, of Counsel
                               One Canalside
                               125 Main Street
                               Buffalo, New York  14203-2887

        KELLY HART & HALLMAN LLP
        Attorneys for Defendant and Counter Claimant
         Sager Electrical Supply Company, Inc.
        ELIZABETH A. CUNEO and
        WILLIAM N. WARREN, of Counsel
        201 Main Street
        Suite 2500
        Fort Worth, Texas  76102

        HALLORAN & SAGE LLP
        Attorneys for Defendant ebm-papst
        JENNIFER A. PEDEVILLANO, and
        JOSEPH G. FORTNER, JR.
        One Goodwin Square
        225 Asylum Street
        Hartford, Connecticut  06103-4304

      This case, originally referred on May 30, 2019, by Honorable Lawrence J. Vilardo to United States Magistrate Judge Hugh B. Scott for all pretrial matters (Dkt. 14), was reassigned to the undersigned on March 5, 2021 (Dkt. 71).  The matter is presently before the court for consideration of Plaintiff's responses to the court's order to show cause why Defendants ebm and Sager should not be awarded expenses, including reasonable attorney's fees, incurred in connection with their respective motions to compel filed June 14, 2022 (Dkt. 113) (responding with regard to ebm's motion to compel, Dkt. 79), and June 18, 2022 (Dkt. 114) (responding with regard to Sager's motion to compel, Dkts. 82 and 83).  The order to show cause was included in the undersigned's February 15, 2022 Decision and Order (Dkt. 107) ("D&O").

      An award of sanctions including, at a minimum, reasonable attorney's fees incurred in prosecuting a motion to compel, are mandated by Rule 37(a)(5)(A) unless the failure of the responding party to provide discovery was substantially justified or an award of attorney's fees would, under the circumstances, be unjust.  *Underdog Trucking LLC v. Verizon Services Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (citing

Fed.R.Civ.P. 37(a)(5)(A)(ii), (iii)) ("Rule 37(a)___").  "A party's failure to provide discovery is substantially justified if a genuine dispute exists or if there is an objectively reasonable basis for the failure," *Rosehoff, Ltd v. Truscott Terrace Holdings LLC*, 2016 WL 2640351, at *4 (W.D.N.Y. May 10, 2016) (citing *Parsi v. Daioleslam*, 778 F.3d 116, 126 (D.C. Cir. 2015) (citing caselaw)), "such as where a party believed caselaw supported its position . . . ."  *Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1458239, at *2 (W.D.N.Y. Apr. 14, 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citing *Maddow v. Proctor & Gamble Co. Inc.*, 107 F.3d 846, 853 (11th Cir. 1997))).  Further, as the test for substantial justification is "determined by an 'objective standard of reasonableness and does not require that the party have acted in good faith,'" *Underdog Trucking, L.L.C..*, 273 F.R.D. at 377 (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995) (citing *Pierce*, 487 U.S. at 565)), that a party believed it was acting in good faith is irrelevant.  *See also* Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (2016 Thomson Reuters) at 970 ("Good faith generally does not equate to substantial justification; the losing party [on the motion to compel] must demonstrate some unsettled issue of law or like circumstance."  (citing *Pierce*, 487 at 565; *Parsi*, 778 F.3d at 126-27) (underlining and bracketed material added)).  "An award of attorneys fees may be unjust where the party's failure was based on factors beyond the party's control." *Scott-Iverson*, 2016 WL 1458239, at *3.  In the instant case, the record supports a finding that Plaintiff's failures to respond to Defendants' respective discovery requests were not substantially justified, nor would an award of attorney's fees be otherwise unjust.

3

**<u>Defendant ebm</u>**

      With regard to ebm's motion to compel, ebm sought samples of both the Classic Standard and Classic Junior production unit air purifiers ("production unit air purifiers"), the packaging in which the units were sealed and shipped to China, air filters manufactured or produced for use with the air purifiers in China ("air filters"), the prototype air purifier units ("prototypes") for which testing by both ebm and Plaintiff's Chinese distributor, Mecent, showed the prototypes meeting China's revised noise and air flow standards ("revised standards"), and the identity by name of certain individuals with actual participation in or knowledge of events and facts relevant to this action.  As explained by ebm in moving to compel, the requested production unit air purifiers were critical for ebm's inspection for compliance with ebm's engineering specifications, the air filters were necessary to discern whether a significant air flow variation was attributable to the filters, ebm needed to inspect the prototypes Plaintiff shipped to Mecent who found the prototypes 'barely met' the revised standards, and the identity of those individuals involved in various aspects of Plaintiff's engineering, design, and manufacturing of the production units were required to permit inquiry into such activities.  Dkt. 79-1 at 4-10.  In opposition to awarding ebm the costs of the motion, Plaintiff argues that Plaintiff produced the sample filters, provided the names of the requested witnesses, served a formal response advising Plaintiff was not in possession of the prototype air purifiers, and, after requesting an extension of time, produced eight newly manufactured sample production units which were delivered to ebm.  Dkt. 113 ¶¶ 5-6.  Plaintiff also argues it was seeking reconsideration of the D&O in which the court found Plaintiff was required to provide ebm with the sample production unit and prototype air

4

purifiers, *id*. ¶ 7, and that ebm originally agreed to Plaintiff's suggestion that ebm could purchase sample air purifiers from Mecent before refusing to do so and moving to compel Plaintiff to produce the sample air purifiers. *Id*. ¶ 9-13.  In support of an award of attorney fees, ebm argues Plaintiff ignores that for more than one year and despite multiple requests, Plaintiff failed to provide sample air filters and the names of the witnesses until after the court ordered Plaintiff to produce them, Dkt. 122 at 1-2, and does not provide any argument justifying Plaintiff's failure to provide both the sample production unit and the prototype air purifiers. *Id*. at 2.  With regard to Plaintiff's assertion that ebm initially agreed to purchase the production unit air purifiers directly from Mecent, as ebm argues, Dtk. 122 at 3, this court rejected Plaintiff's attempt to shift the burden of production to ebm.  D&O at 36.  According to ebm, Plaintiff has "spent years making false promises and deflecting, culminating in [Plaintiff] flippantly telling ebm to go on its own and buy items from [Plaintiff's Chinese distributor]," despite conceding the air purifiers and filters are 'central' to both the claims and defenses at issue in this action and, as such, should have been in Plaintiff's possession when Plaintiff filed this action.  Dkt. 122 at 3 (citing Dkts. 115 and Dkt. 116 ¶ 7 and Exh. E).

  The circumstances surrounding ebm's requested discovery establish ebm is entitled to an award of attorney fees for failing to comply with discovery.  Significantly, none of the discovery which ebm sought in its motion to compel was produced by Plaintiff until after ebm filed the motion.  Such delayed response does not avoid sanctions required by Rule 37(a)(5)(A) ("if the . . . requested discovery is provided after [the motion] is filed," an award of the successful movant's expenses is nevertheless required).  Although Plaintiff did provide the filters and the names of the witnesses ebm

requested, Plaintiff has never produced the prototype air purifiers which Plaintiff now maintains it cannot locate and, as such, cannot produce. Moreover, after the undersigned granting ebm's motion to compel, D&O at 36-37, on February 23, 2022, Plaintiff's counsel informed ebm that most of the production unit air purifiers had been "liquidated" with only parts and partial units for servicing customers remaining. Dkt. 115-1. Significantly, the production unit air purifiers that were finally provided to ebm in March 2022, were assembled with 1.5 microfarad capacitors rather than the required 3.5 microfarad capacitors. *See* Exh. 135 ¶¶ 4, 8 and Exh. B (Dkt. 135-2). Not only did this error further delay delivery of newly manufactured production unit air purifiers, which were not received until June 2022, *see* Dkt. 135 ¶ 4, but the error calls into question if there were any other discrepancies between the newly manufactured air purifiers and the sample production unit air purifiers which discrepancies could affect the results of testing on the units in order to determine their compliance with the revised standards.

Accordingly, the court finds Plaintiff's failure to comply with discovery was not substantially justified, nor does Plaintiff advance any argument establishing awarding ebm costs, including attorney's fees, would be otherwise unjust, and ebm's request is GRANTED. Although generally, it is the undersigned's practice to direct a party to whom attorney's fees are awarded to forward an affidavit of the awarded costs within thirty days after granting a request for an award of costs, here, ebm has already provided the Declaration of Jennifer A. Pedevillano in Support of Defendant's, ebm-papst, Inc., Request for Attorney's Fees with supporting exhibits (Dkt. 122-1). The court

thus need not order ebm to produce such documentation, but will permit Plaintiff to file a response.

**Defendant Sager**

The D&O addressed two separate motions to compel filed by Sager on June 18, 2021, including a motion to compel production of Plaintiff's financial records for fiscal year ended August 31, 2020 (Dkt. 82) ("Sager's First Motion"), and a motion to compel production of communications regarding Defendants' air purifiers between Plaintiff and its Chinese distributor Mecent ("Mecent") (Dkt. 83) ("Sager's Second Motion"). Because Plaintiff provided the financial documents sought by Sager's First Motion on June 22, 2022, and the communications sought by Sager's Second Motion on July 7, 2021, the undersigned dismissed Sager's First and Second Motions to Compel as moot, except for the request for an award of costs incurred in making the motions, D&O at 32, and directed Plaintiff to show cause why Sager should not be awarded the costs of the motion. *Id*. at 37-38. A review of the papers establishes Sager should be awarded costs, including attorney's fees, incurred in connection with Sager's Second Motion, but not with regard to Sager's First Motion.

In particular, with regard to Sager's First Motion, although Sager correctly asserts Plaintiff did not produce its fiscal year 2020 financials until June 22, 2021, Sager first requested the financials on February 23, 2021 in Sager's Second Request for Production. Dkt. 89-1 ¶ 6 and Exh A (Dkt. 89-2). By letter dated April 27, 2021 (Dkt. 89-3), Plaintiff's counsel advised Sager's counsel that the requested financials were not yet produced. This is consistent with Plaintiff's attorney's averment that Plaintiff's profit sharing plan operates on a calendar year basis and, thus, does not close until

7

December 31, and the profit sharing plan numbers, which are needed to prepare fiscal year end financial are not determined until March 31, thus delaying the fiscal year financials which Plaintiff produced on June 22, 2021. Accordingly, Plaintiff has established that its delay in producing the 2020 financials was substantially justified, such that Sager should not be awarded the costs of Sager's First Motion.

In contrast, Sager's Second Motion sought to compel communications between Plaintiff and Mecent which Sager initially requested in Sager's First Requests for Production served in December 2019. Dkt. 83-2, Request No. 16 (seeking all documents and communications with Plaintiff's Chinese customer, *i.e.*, Mecent, pertaining to the Classic Standard and Classic Junior air purifiers) ("the Mecent communications"). Although Plaintiff did produce "many such communications," Dkt. 83-8 at 4, Sager maintained that its June 16, 2021 deposition of Plaintiff's president, Lauren McMillan ("McMillan"), revealed Plaintiff did not abide by its obligation pursuant to Fed.R.Civ.P. 26(e) ("Rule 26(e)") to supplement discovery responses, particularly, further Mecent Communications. The next day, June 17, 2021, Sager's counsel wrote Plaintiff's counsel, Hugh Carlin, Esq. ("Carlin"), requesting, based on McMillan's deposition statements that Plaintiff remained in communication with Mecent, that Plaintiff produce any recent Mecent communications between Plaintiff and Mecent by noon on June 18, 2021, such time being selected to permit Sager to prepare any necessary motion to compel which was due the next day. Dkt. 83-7. When Plaintiff failed to supplement the Mecent communications by noon on June 18, 2021, Sager filed Sager's Second Motion.

Plaintiff argues in opposition to awarding Sager costs incurred in connection with Sager's Second Motion that Sager's letter of June 17, 2021 was addressed only to Carlin who was out of the office on June 17 and 18, 2021, and, thus, Plaintiff was substantially justified in failing to supplement the Mecent communications by noon in accordance with Sager's request. Dkt. 114 at 8. In opposition, Sager argues that because the Second Amended Scheduling Order (Dkt. 65) then in effect set June 19, 2021 as the deadline for filing motions to compel discovery, Sager had no choice but to require production of the supplemental Mecent communications by June 18, 2021 at noon, Dkt. 120 at 2-3, and that Plaintiff should have previously provided the 1600 pages of supplemental Mecent communications, some of which show that Plaintiff tried to sell the allegedly defective fan motors during the pendency of this action, as the supplemental communications then existed, rather than waiting until after McMillan's deposition. *Id*. at 3-4.

Plaintiff's failure to supplement its responses to Sager's request to produce the Mecent communications, which were numerous, until after McMillan's deposition deprived Sager of the use of the information contained in the Mecent communications during its deposition of McMillan. Further, the numerosity of the additional Mecent communications with Plaintiff, which continued to be generated after the initial production of the Mecent communications to Sager and which should have been produced pursuant to Rule 26(e) in supplement to Plaintiff's original responses to Sager's First Requests for Production, strongly suggests that all such communications likely were not created just prior to McMillan's deposition on June 16, 2021. Accordingly, the court finds Plaintiff was not substantially justified in failing to timely

supplement its responses, specifically, the Mecent communications, prior to Sager's Second Motion, nor would an award of the costs of such motion to Sager be otherwise unjust.  *See* Fed.R.Civ.P. 26(e) (requiring timely supplementation of discovery).

Sager's request for an award of costs, including attorney's fees, incurred in connection with Sager's Second Motion is GRANTED.  Although generally, it is the undersigned's practice to direct a party to whom attorney's fees are awarded to forward an affidavit of the awarded costs within thirty days after granting a request for an award of costs, here, Sager, similar to ebm, has already provided documentation, including the Declaration of Erin C. Borek [Esq.] in Support of Sager Electrical Supply Company, Inc.'s Request for Attorney's Fees with exhibits (Dkts. 122-1 through 122-3), and the Declaration of Elizabeth Cuneo Thomas [Esq.] in Support of Sager Electrical Supply Company, Inc.'s Request for Attorney's Fees with exhibits (Dkts. 122-4 through 122-6). Such documentation, however, does not sufficiently differentiate between the hours expended on Sager's First Motion and Sager's Second Motion.  As such, Sager will have to resubmit an attorney affidavit and time records documenting the costs, including attorney's fees, of Sager's Second Motion.

## **CONCLUSION**

Based on the foregoing, Defendant ebm's request (Dkt. 113) for expenses including reasonable attorney's fees incurred in connection with ebm's motion to compel (Dkt. 79) is GRANTED.  Because Defendant ebm's affidavit and time records supporting such expenses has already been filed, Plaintiff's response shall be filed **within fifteen (15) days** of the date of this Decision and Order.  Defendant Sager's request (Dkt. 114) for expenses, including attorney's fees incurred is DENIED with regard to Sager's First

Motion (Dkt. 82), and is GRANTED with regard to Sager's Second Motion (Dkt. 83). Sager shall file its affidavit and time records supporting the expenses of Sager's Second Motion **within thirty (30) days** of the date of this Decision and Order.  Plaintiff's response shall be filed **within fifteen (15) days** thereafter.  Oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      November 2nd, 2022
            Buffalo, New York