UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AUSTIN AIR SYSTEMS, LIMITED,

    Plaintiff,

v.

SAGER ELECTRICAL SUPPLY
COMPANY, INC. d/b/a SAGER
ELECTRONICS AND EBM-PAPST,
INC.,

    Defendants.

19-CV-562

---

## DECISION AND ORDER

Presently before the Court is Judge Foschio's Amended Report and Recommendation and Decision and Order ("R&R"), addressing Plaintiff's [121] motion for reconsideration, Defendant ebm's [115] motion for sanctions, and Plaintiff's [131] motion to compel discovery. *See* Dkt. 147. Plaintiff Austin Air Systems, Limited asserts various claims against Defendants Sager Electrical Supply Company, Inc. d/b/a Sager Electronics ("Sager") and ebm-papst, Inc. ("ebm") under New York law.

In particular, Plaintiff commenced this action in the Supreme Court of the State of New York, County of Erie, on March 18, 2019, asserting claims against Sager for breach of contract, breach of implied warranty, fraud, and declaratory judgment. Dkt. 1, at 3-11. Sager removed the action to this Court on May 1, 2019. *See* Dkt. 1. Plaintiff filed an Amended Complaint October 7, 2019, naming ebm as

an additional defendant. *See* Dkt. 25. Plaintiff filed a Second Amended Complaint on February 25, 2022. Dkt. 112. This Court ultimately referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 71.

On March 10, 2022, ebm moved for sanctions, seeking dismissal of the Second Amended Complaint. Dkt. 115. Plaintiff opposed ebm's motion, Dkt. 126-127, and ebm replied. Dkt. 129. In addition, Plaintiff moved for reconsideration of the Court's [107] Decision and Order issued on February 15, 2022. Dkt. 121. Defendant ebm opposed Plaintiff's motion, Dkt. 128, and Plaintiff replied. Dkt. 130. Lastly, Plaintiff moved to compel discovery. Dkt. 131. Defendant ebm opposed Plaintiff's motion, Dkt. 138, and Plaintiff replied. Dkt. 139. Judge Foschio addressed these motions in an initial Decision and Order and Report and Recommendation issued on October 27, 2022. Dkt. 144. He then issued the R&R on November 2, 2022. Dkt. 147.

The R&R recommends that this Court grant Defendant ebm's [115] motion for sanctions insofar as ebm seeks the sanction of dismissal of the Second Amended Complaint. *Id.* at 23. The Court also denied Plaintiff's [121] motion for reconsideration and dismissed as moot Plaintiff's [131] motion to compel. *Id.*

Plaintiff objected to the R&R on December 5, 2022. Dkt. 155. Specifically, it argued that the "R&R should not be adopted since it: (1) overlooks that Defendants have hidden or refused to produce discovery from Plaintiff; (2) imposes burdens on Plaintiff which exceed the scope of Fed. R. Civ. P. Rules 26 and 34; and (3) imposes

an excessively harsh sanction not warranted under Fed. R. Civ. P. 37(b) given the factual and procedural history of the case." *Id.* at 1. As such, Plaintiff requests that this Court "reject Magistrate Judge Foschio's Amended Report and Recommendation with respect to Plaintiff's motion for reconsideration (Dkt. 121); Defendant ebm's Sanctions Motion (Dkt. 115) insofar as ebm requested the sanction of dismissal of Plaintiff's Amended Complaint; and Plaintiff's motion to compel (Dkt. 131)." *Id.* at 18-19. Defendants ebm and Sager responded to Plaintiff's objections on December 21, 2022. Dkt. 160, 161. Plaintiff replied on December 28, 2022. Dkt. 162.

Regarding the referral of dispositive matters, a district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

As for non-dispositive matters, the district judge in the case must consider timely objections to a magistrate judge's order and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). *See also Popat v. Levy*, No. 15-CV-01052, 2020 WL 7040641, at *1 (W.D.N.Y. Nov. 30, 2020).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. The R&R aptly, thoroughly, and correctly works through the difficult and nuanced issues presented by the parties. Pursuant to the above

standards, this Court accepts and adopts Judge Foschio's recommendation that this Court grant ebm's [115] motion for sanctions insofar as ebm seeks the sanction of dismissal of the Second Amended Complaint. Thus, the Court GRANTS Defendant ebm's [115] motion for sanctions, and the Second Amended Complaint is DISMISSED. Further, the Court AFFIRMS Judge Foschio's denial of Plaintiff's [121, 131] motions for reconsideration and to compel.

Judge Foschio also recommended that Plaintiff should be ordered "to show cause why ebm should not be awarded costs, including attorney fees incurred in connection with making the motion." Dkt. 147, at 23. The issue of attorneys' fees and costs is referred back to Judge Foschio, where entitlement and amount, if any, may be addressed in the first instance.

This case is referred back to Judge Foschio for further proceedings consistent with the referral order of March 5, 2021. See Dkt. 71.

SO ORDERED.

Dated:   January 27, 2023
         Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE